# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PRINGLE,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART DISTRIBUTION CENTER, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00468-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY<br><br>(Doc. No. 21) |

Currently pending before the Court is Defendant Walmart Inc.'s ("Defendant") Motion to Compel Responses to Written Discovery filed on February 19, 2020. (Doc. No. 21.) By the motion, Defendant seeks an order (1) compelling Plaintiff Al Pringle ("Plaintiff") to provide responses to Defendant's Interrogatories, Set One, and Request for Production of Documents, Set One; and (2) issuing sanctions against Plaintiff in the amount of $7,000.00, representing the reasonable costs and attorneys' fees incurred by Defendant for the instant motion. (*Id.* at 2.)

Plaintiff Al Pringle failed to file a timely written opposition or any other response to the motion in violation of Local Rule 251(e). The Court therefore vacated the hearing on Defendant's motion to compel set for March 6, 2020. The motion is deemed submitted. (Doc. No. 22.)

Having considered the moving papers, and for the reasons stated, Defendant's motion to compel responses shall be GRANTED subject to a reduction in the amount of requested expenses.

///

1

**I.     Background**

Plaintiff initiated this employment discrimination action on August 24, 2018, in Tulare County Superior Court. Plaintiff, a truck driver, asserted seven claims based on allegations of harassment in retaliation for Plaintiff caring for his ill father and his race and ethnicity. The matter was removed to this Court on April 10, 2019. (Doc. No. 1.)

The Court issued a Scheduling Order on October 1, 2019. (Doc. No. 19.) Pursuant to that order, the deadline to complete non-expert discovery is April 24, 2020. (Doc. No. 19.)

On October 16, 2019, Defendant served Plaintiff with written Interrogatories, Set One, and Request for Production of Documents, Set One. (Doc. No. 21-2, Declaration of Jeffrey J. Mann ("Mann Decl."), ¶ 2.) Following the failure to receive a timely response, Defendant contacted Plaintiff's counsel on December 1, 2019. On December 2, 2019, Plaintiff's counsel responded, stating that he did not recall receiving the requests and asking for an electronic copy. Defendant sent the requested electronic copy to Plaintiff's counsel the same day. *Id.* at ¶ 3.

On December 3, 2019, Plaintiff requested an extension of time to respond to discovery, and Defendant agreed to extend the deadline until December 13, 2019. Mann Decl. at ¶ 4.

On December 14, 2019, Plaintiff requested an additional extension of time to respond through the first week of January 2020. Defendant agreed to the extended deadline. Mann Decl. at ¶ 5.

Plaintiff failed to respond to the written discovery propounded by Defendant on October 16, 2019. Mann Decl. at ¶ 6. As a result, Defendant filed the instant motion to compel on February 19, 2020. (Doc. No. 21.) Plaintiff failed to respond to the motion to compel.

**II.    Discussion**

     **A. Motion to Compel Responses**

Generally, under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Rule 33(a) allows a party to serve on any other party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(1), (2). A responding party must serve answers to written interrogatories within 30 days after service. Fed. R. Civ. P. 33(b)(2). Similarly, Rule 34(a) provides that a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample any designated documents or tangible things in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A), (B). The party to whom the request is directed must respond in writing within 30 days after service. Fed. R. Civ. P. 34(b)(2)(A). If a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents under Rule 34, then the party seeking discovery may move for an order compelling answers or production. Fed. R. Civ. P. 37(a)(3)(B).

Without any apparent justification, Plaintiff failed to provide responses to written interrogatories or requests for production in a timely manner, even after obtaining extensions of time to respond. Further, Plaintiff failed to respond to the motion to compel. Accordingly, the Court finds that Defendant is entitled to written responses and production of documents, without objection, to the discovery initially propounded on October 16, 2019, and retransmitted on December 2, 2019.

### B. Request for Sanctions

Defendant seeks an award of reasonable expenses and attorneys' fees due to Plaintiff's failure to respond and provide written discovery responses. Pursuant to Federal Rule of Civil Procedure 37(a)(5), if the motion to compel is granted, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The Court must not order this payment if: (1) the movant filed the motion before attempting in good faith to obtain the discovery without court

action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

The record before the Court demonstrates that Defendant attempted to obtain responsive discovery prior to filing the instant motion and granted Plaintiff several extensions. There is no evidence that Plaintiff's failure to respond was substantially justified or that other circumstances make an award of expenses unjust. This is particularly true in the absence of any response to the motion to compel and request for expenses. The Court therefore finds that Defendant is entitled to an award of expenses.

Defendant seeks $7,000.00 for the expenses incurred, identifying these costs to include $1,499.00 in attorneys' fees to draft the motion, another estimated $360.50 for drafting a reply, and an estimated $5,600 for attending the hearing. Mann Decl. at ¶ 8. However, because no reply was filed and the Court deemed the hearing unnecessary, Defendant's expenses and any related award are limited to the $1,499.00 incurred in drafting the motion.

### III. Conclusion and Order

Based on the above, IT IS HEREBY ORDERED as follows:

1. Defendant's Motion to Compel Responses to Written Discovery, filed on February 19, 2020, is GRANTED;
2. Within **fourteen (14) days** from the date of this order, Plaintiff shall provide written responses and produce documents without objection to Defendant's Interrogatories to Plaintiff, Set One, and Request for Production of Documents, Set One; and
3. Defendant is AWARDED $1,499.00 in attorneys' fees in connection with the successful motion to compel payable within thirty (30) days from the date of this order.

IT IS SO ORDERED.

Dated: **March 30, 2020** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

4