1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PRINGLE,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART DISTRIBUTION CENTER, et al.,<br><br>    Defendants. | Case No.  1:19-cv-00468-BAM<br><br>**ORDER DENYING JOINT STIPULATION TO FURTHER MODIFY SCHEDULING ORDER WITHOUT PREJUDCE**<br><br>(Doc. No. 26) |

Currently before the Court is the parties' stipulation filed on July 16, 2020, seeking to vacate the Scheduling Order in this case. (Doc. No. 27.)  According to the stipulation, Plaintiff's counsel has indicated that he can no longer represent his client in this case and intends to file a petition to be relieved as counsel. (*Id.*) As a result, the parties request that the Court vacate all deadlines in the Scheduling Order, including discovery cutoff dates as well as the pretrial motion deadline. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc*., 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.").  For example, good cause may be found where, among other things, the parties show that they were diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson*

*v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). Additionally, the Local Rules require counsel to seek any necessary extensions from the Court as soon as the need for the extension becomes apparent. *See* Local Rule 144(d). Requests for Court-approved extensions brought on or after the required deadline are looked upon with disfavor. *See id.*

Defendant claims that an order vacating the Scheduling Order is appropriate because it has been unable to conduct any discovery by the deadlines set forth in the Scheduling Order and it is further unclear whether Defendant will be able to complete its discovery given the representation from Plaintiff's counsel that he will be withdrawing from the case. (*See* Doc. No. 27 at 5.) However, Plaintiff's counsel has not yet filed a motion to withdraw in this case. Moreover, the deadline for completion of non-expert discovery lapsed on June 26, 2020, approximately twenty days before the parties' stipulation was filed. The parties' stipulation was also filed the day before the July 17, 2020 deadlines for expert disclosure and filing pretrial motions. The parties do not establish that they have been diligent in seeking modification and have not demonstrated good cause for the requested relief. The Court will consider these events in the pending motions for sanctions.

Having considered the parties' stipulation, IT IS HEREBY ORDERED that the parties' request to vacate the Scheduling Order is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 20, 2020**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE