UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL PRINGLE,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART DISTRIBUTION CENTER, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00468-BAM<br><br>ORDER TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. No.39) |

Plaintiff Al Pringle ("Plaintiff"), currently proceeding *in propria persona*, initiated this employment discrimination action in the Superior Court of the State of California, County of Tulare, on August 24, 2018. Defendant Walmart Inc. ("Defendant") removed the matter to this Court on April 10, 2019.[1] (Doc. No. 1.)

On October 16, 2020, the Court issued an order directing Plaintiff to show cause in writing within twenty-one (21) days why sanctions should not be imposed for his failure to obey a Court order and his failure to appear at the October 15, 2020 telephonic status conference. (Doc. No. 39.) Plaintiff was warned that the failure to respond to the Court's order would result in the imposition of sanctions, including dismissal of this action for failure to comply with court orders. (*Id.* at 2.)

The deadline for Plaintiff to respond to the order to show cause has passed and Plaintiff has not complied with the Court's order.

**I.    Discussion**

---

[1] The parties have consented to magistrate judge jurisdiction over this action for all purposes, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 15, 17, 18.)

1

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending since April 2019 and Plaintiff has failed to appear or respond to Court orders. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's orders. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 16, 2020 order expressly warned Plaintiff that his failure to comply would result in dismissal of this action.  (Doc. No. 39.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's failure to appear indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**II.     Conclusion and Order**

Accordingly, it is HEREBY ORDERED that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's orders and failure to prosecute this action.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **November 13, 2020**          /s/ *Barbara A. McAuliffe*          
                                                            UNITED STATES MAGISTRATE JUDGE

3